## SAMUEL D. HENDRIX, et al., Appellants, v. HERMAN MARKS, Executor, Respondent.*

Springfield Court of Appeals, December 7, 1923.

1. **WILLS: Testator's Intention Governs: Where There is Ambiguity, the Conditions Surrounding Testator Considered.** The intention of the testator governs in the construction of a will, under Revised Statutes 1919, sec. 555, and that intention is to be arrived at from the four corners of the will, if possible, but, where there is ambiguity, the conditions surrounding the testator when the will was executed may be considered as an aid in arriving at the intention.

2. ———: **Bequest Held Ambiguous so as to Admit Evidence of the Conditions Surrounding Testator at the Time the Will was Executed.** Where a will gave the entire estate "except life insurance policies,

(469)

whose beneficiaries are named on the policies," to an uncle, and the beneficiary died, making the policy payable to the executor, there was sufficient ambiguity in the will to admit evidence of conditions surrounding the testator as an aid in arriving at the intention of testator.

3. ———: Held it was Intention of Testator to Devise Entire Estate, Including Life Insurance, to Maternal Uncle. Where testator's life insurance was payable to a named beneficiary, and by will he gave his estate, except life insurance to a maternal uncle, but before his death beneficiary named in the policy died, and the policy became payable to his executor, *held* that testator intended to devise all his estate, including the life insurance, to the uncle the same as if the policy had been made payable to the estate of the testator in the first instance and the will had not contained any reference to life insurance.

*Headnote 1.   Wills, 40 Cyc. pp. 1386, 1392, 1414, 1431;   2.   Wills, 40 Cyc. p. 1431;   3.   Wills, 40 Cyc. p. 1426.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*L. C. Mayfield* and *Hamlin & Hamlin* for appellants.

BRADLEY, J.—This proceeding was instituted to construe the last will and testament of Charles C. Hendrix, deceased. The parties designated as plaintiffs are Samuel D. Hendrix, grandfather, William Jasper Hendrix, uncle, and Mrs. Samuel Richardson, paternal aunt, of the deceased testator, and defendant Herman Marks is a maternal uncle of the testator. Marks is named as executor in the will, and claims the entire estate except as to payment of debts, and the upkeep of cemetery lot as specified in the will. Marks was made a defendant as executor, and also individually. Below the court denied plaintiffs any relief and they appealed.

The controversy concerns the disposition of the proceeds of a life insurance policy. December 18, 1913, the International Life Insurance Company issued a policy upon the life of Charles C. Hendrix, the testator, for

$2500, and testator's mother was named therein as beneficiary. The policy provided for change of beneficiary if the insured desired. February 9, 1918, testator's mother died, and he died thereafter on October 8, 1918, without making or causing to be made any change of beneficiary in the policy. The policy provided that in the event the beneficiary died prior to the death of the insured, and no other beneficiary was named by the insured, then the proceeds of the policy should be paid to the executor, administrator or assigns of the insured.

September 17, 1913, Charles C. Hendrix made and executed his will. The will is brief, and, so far as concerns this controversy, is as follows:

"First: All my just debts (mainly consisting of a two-hundred-and-fifty-dollar note to Charles Bagert and a mortgage to the Union National Bank of Springfield, Mo., and funeral expenses) shall be first duly paid; also necessary amount shall be taken from the estate to provide for perpetual care of the cemetery lot upon which my parents are buried.

Second: I give, bequeathe and devise all the rest, residue and remainder of my estate, both real and personal (except life insurance, whose beneficiaries are named on the policies) to my uncle, Herman Marks, to have and to hold the same to him, my said uncle and to his heirs and assigns forever."

Defendant, as executor, collected the life insurance and out of the proceeds, for the most part, paid the debts of the estate, and held the balance as legatee under the will. Plaintiffs contend that the testator, as appears by the terms of the will, did not intend thereby to dispose of money derived from the insurance policy, and that the proceeds of the policy should have gone to the heirs at law of deceased. The intention of the testator governs in the construction of a will. [Sec. 555. R. S. 1919; Lomax v. Cramer, 202 Mo. App. 365, 216 S. W. 575; Wetzel v. Hecht, 281 Mo. 610, 220 S. W. 888.] This rule, of course, needs no citation of authority to sup-

port it, and is not questioned. .The difficulty lies in the question: What was the intention of the testator? That intention is to be arrived at from the four corners of the will, if possible, but where there is ambiguity the conditions surrounding the testator when the will was executed may be considered as an aid in arriving at the intention. [McCoy v. Bradbury, 290 Mo. 650, 235 S. W. 1047.] We think there is such ambiguity here as to justify the invoking of the rule. The age of testator is not shown in the record, but it is shown that he was a young man, that his father was dead when the will was executed, and that testator and his mother were residing on the farm which he inherited from his father. The plaintiff grandfather had not seen testator since he was a lad five or six years old, and "had not any acquaintance with the family for twenty-five or thirty years." The grandfather lived at Salem, Mo. prior to his going to the Old Soldiers' Home at St. James. Plaintiff Mrs. Richardson lives in St. Louis, and she had not seen testator since he was a boy. Plaintiff William Jasper Hendrix lives at Salem, Mo. It appears that testator's father lived with Jasper, his brother, until he married. It does not appear whether there were any correspondence, communications or relations between testator and his uncle, Jasper. Herman Marks, the beneficiary under the will, was a brother of testator's mother. Testator and his mother lived together on the farm. The policy was taken out after the will was executed. The will was executed September 17, 1913, and the policy was issued December 18, 1913. We find nothing in the will, and nothing in the conditions surrounding testator when the will was executed that aids plaintiffs in their contention and construction. The conditions obtaining at the time the will was executed, in our opinion, tend to support defendant in his contention that the testator intended by the will to devise his entire estate, including the life insurance involved here, to him, except debts and upkeep of cemetery lot.

Testator unmistakably devised to his uncle, Herman Marks, practically all his property unless it be the proceeds of the insurance policy. The proceeds of this policy might or might not have become a part of the estate. This depended upon the contingency of testator naming another beneficiary in the event his mother died first. It so happened that the proceeds of this policy became a part of the estate. In effect, therefore, when testator died and his will became effective he had no insurance policy in which an individual beneficiary was named as we think testator meant when he executed the will. We can see no difference so far as results are concerned than would have been the situation had the policy been made payable to the estate of testator in the first instance, and the will had not contained any reference to life insurance. When the contingency happened which made the policy due and payable, it was then by its own terms, and by operation of law, payable to the testator's estate.

The finding and judgment below should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.