In re ESTATE of Cornelius A. JUST.

The BOATMEN'S NATIONAL BANK OF ST. LOUIS, Trustee, Plaintiff-Respondent,

v.

Kathleen H. JUST, Judy May Just, Unknown and/or Unborn Persons who may be Descendants of Judy Just, Unknown and/or Unborn Persons who may be Heirs-At-Law of Quentin A. Just or of the Descendants of Quentin A. Just, other than Descendants of Gustav Bischoff Just, Defendants-Respondents,

Gustav Bischoff Just, Quentin Gustav Just, and Unknown and/or Unborn Persons who may be Descendants of Gustav Bischoff Just, Defendants-Appellants.

Nos. 42781, 42782.

Missouri Court of Appeals, Eastern District, Division Two.

May 12, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

William J. Travis, St. Louis, for defendants-appellants.

Michael D. Mulligan, St. Louis, for plaintiff-respondent.

Francis X. Duda, St. Louis, for defendant-respondent, Judy May Just.

Charles J. McMullin, St. Louis, for defendant-respondent, Kathleen H. Just.

GUNN, Judge.

In this will construction case, the trial court ruled that the appellants, descendants of the testator, had been disinherited. The two fundamental points raised on appeal are: that any language of intent to disinherit was totally enervated by appearing only in inoperative provisions of the will; that disinheritance of an heir does not serve to disinherit the heir's descendants. We affirm.

The dramatis personae is a prolix maze due to the number and similarity of names, making a clear statement of facts a difficult task. We scorecard the cast of parties as follows:

Cornelius A. Just —The testator of the will and trust serving as the subject of this litigation.

Adele C. Just —Cornelius Just's wife.

Milton H. Just —Cornelius Just's son.

Quentin A. Just —Cornelius Just's son.

Kathleen H. Just —Quentin A. Just's fourth wife and respondent in the litigation.

Judy May Just —Daughter of Quentin A. Just and his third wife and respondent in the litigation.

Gustav Bischoff Just —Son of Quentin A. Just and his first wife and grandson of the testator and appellant in the litigation.

Quentin Gustav Just —Son of Gustav Bischoff Just and great-grandson of the testator, also an appellant in the litigation.

In the beginning, Cornelius A. Just, the testator, executed his will dated August 19, 1954. He died April 3, 1956. His will was admitted to probate, and this suit was ultimately instituted by a trustee of a testamentary trust seeking its construction.

Cornelius A. Just, the testator, was survived by his wife Adele C. Just and his two sons Milton H. Just and Quentin A. Just. Under the will, Adele received outright one-half of the estate; Milton received one-fourth outright; the remaining one-fourth was placed in trust from which Quentin A. was to receive the income for life.

Adele and Milton predeceased Quentin A., with Milton leaving no surviving descendants. Quentin A. died on October 26, 1978 and was survived by: his fourth wife, Kathleen H. Just, a respondent; Judy May Just, daughter of Quentin A. and his third wife, a respondent; Gustav Bischoff Just, son of Quentin A. and his first wife, an appellant;

Quentin Gustav Just, son of Gustav Bischoff Just and grandson of Quentin A., also an appellant. Each survivor of Quentin A. was made a party defendant to the litigation with unknown and unborn heirs-at-law of Quentin A. Just or of his descendants and the unknown and unborn descendants of Gustav Bischoff Just or of Judy May Just.

The litigation revolves around the proper disposition of the corpus of the testamentary trust upon the death of Quentin A. Just, the trust's income beneficiary.

We turn now to the source of the controversy, the will itself, and whether its provisions serve to disinherit the appellants Gustav Bischoff Just and Quentin Bischoff Just, son and grandson of Quentin A.

In Item VI, § 1, par. (e) of his will the testator Cornelius Just provided for division of the trust property upon the death of Quentin A. into equal shares as follows: "One (1) such share for his surviving spouse, if any; one (1) such share for each child of my said son then living, and one (1) such share for the descendants then living, per stirpes, (except GUSTAV BISCHOFF) of any deceased child of my said son." Item VI, § 1, par. (e) provides further that the share of Quentin A. Just's surviving spouse is to be placed in trust and the income paid to her until her death or remarriage. Upon either event, her trust terminates, and the trust property is to be delivered equally "to the living children of my said son [Quentin A.] and the living descendants, per stirpes of any deceased child, free of trust, subject to the provisions of Par. (f) below, but if there be no such living children or other descendants, then to the heirs-at-law of my said son related by blood to me."

Other portions of the will containing language that is potentially relevant to the proper construction of paragraph (e), *supra*, are paragraphs (d) and (f) of Item IV, § 1. In paragraph (d) the testator disposed of son Milton's share of the estate, in the event that Milton predeceased him. If Milton died without issue, his share would be added to the Quentin A. Just trust, provid-

ed Quentin A. was living, "otherwise to his descendants, per stirpes, (except GUSTAV BISCHOFF, who is amply provided for and for whom I make no provision in this Will) subject to the provisions of Par. (f) below."

In paragraph (f) of Item VI, § 1, the testator provided that "If any child or other descendant of any son of mine shall become entitled to a share in my estate under the aforesaid provisions," each share must go directly to the descendant if he or she is over 35 years of age; if not, the share must be held in trust until the descendant attains age 35. If the descendant dies prior to receiving his or her share free of trust "then such share shall be distributed, free of trust, among the then living heirs-at-law of such deceased descendant related by blood to me. The word 'descendant' as used in this Paragraph, and in any part of this Will, shall not include GUSTAV BISCHOFF, for the reasons I have heretofore stated." At the time of Quentin A. Just's death, both his children, Judy May Just and Gustav Bischoff Just, were over 35 years of age, his grandson Quentin Gustav Just was 16.

Motions for summary judgment were granted in favor of respondents Judy May Just and Kathleen H. Just as the surviving daughter and wife, respectively, of the testator's son, Quentin A. Just. Appellants Gustav Bischoff Just and Quentin Gustav Just with all other descendants of Gustav were found to have no interest in the estate of the testator under his will.

Appellant Gustav Bischoff Just asserts that the proper disposition of the corpus of the Quentin A. Just trust must allocate one-third to him absolutely, one-third to Judy May Just absolutely, and one-third in trust for Kathleen Just. Upon Kathleen's death or remarriage, one-half of her trust must be distributed to Judy May Just or her descendants and one-half to Gustav Bischoff Just or his descendants, including appellant Quentin Gustav Just. Gustav declares his right to a share in each of said trusts as a living son of Quentin A. Just, citing the testator's provision that, upon the death of Quentin A. Just, one share of his

trust must be distributed to "each child of my said son [Quentin A. Just] then living" and that, upon the death or remarriage of Kathleen, her trust is to be distributed "to the living children of my said son [Quentin A. Just]." [Item VI, § 1, par. (e).] Gustav discounts any evidence of testator intent to disinherit him on the ground that a void or inoperative provision can not control the construction of the remainder of the will, and the sole evidence of intent to disinherit him is located in two provisions that are inoperative because they relate to contingencies that failed to transpire—the death of Milton prior to testator [Item VI, § 1, par. (d)] and the death of a descendant prior to the age of 35, thereby disqualifying him or her from an outright share in the estate. [Item VI, § 1, par. (f)]. (The latter contingency failed since the testator's two most immediate descendants—his grandchildren, Gustav and Judy—are over 35 years of age.) Finally, Gustav raises the established presumption that a testator intends distribution of his other property in accordance with the laws of descent and distribution.

Quentin Gustav Just basically adopts his father's position. But he also argues that even if his father is excluded, the disinheritance of that heir does not operate also as a disinheritance of the heir's descendants. To support this contention Quentin Gustav urges that the fundamental presumption against disinheritance must apply, that heirs must be given first consideration when doubt exists regarding testator's expression, and that the will is destitute of language which would disinherit the descendants of Gustav Bischoff Just. He argues that he was entitled to a share of the estate through his grandfather, Quentin A., and that pursuant to Item VI, § 1, par. (f), his share should be held in trust until he reaches 35 years of age.

We find that appellants Gustav Bischoff Just and Quentin Gustav Just are specifically excluded as beneficiaries under the testator's will.

■ Bedrock precepts guide us in construction of the will of Cornelius A. Just: the court's purpose is to ascertain the intent of the testator and to give effect to such intent as long as it is not contrary to law. *In re Estate of Welter*, 598 S.W.2d 618, 619 (Mo.App.1980); *Trantham v. Trice*, 567 S.W.2d 389, 393 (Mo.App.1978); *Cavers v. St. Louis Union Trust Co.*, 531 S.W.2d 526, 534 (Mo.App.1975). The testator's intent must be gleaned from the four corners of the instrument and all provisions must be given effect, if possible. *In re Estate of Stengel*, 557 S.W.2d 255, 259 (Mo.App.1977). A court will enforce the intent of the testator, no matter where it is expressed in the will. *Ussher v. Mercantile Trust Co.*, 328 S.W.2d 699, 703, (Mo.1959). If provisions of a will are contradictory, those provisions must prevail which are apparently most congruent with the testator's wishes as gathered from the entire will. *Fishman v. Keating*, 542 S.W.2d 314, 317 (Mo.App. 1976); *Boxley v. Easter*, 319 S.W.2d 628, 632 (Mo.1959). These rules of construction lead us to conclude that the trial court did not err in finding that the testator intended to disinherit completely Gustav Bischoff Just and his descendants, including Quentin Gustav Just.

■ The testator clearly expressed his intent to disinherit Gustav in Item VI, § 1, par. (d), in which the testator bequeathed Milton's share of the estate, should he predecease testator and leave no issue, to descendants of Quentin A. Just "except GUSTAV BISCHOFF, who is amply provided for and for whom I make no provision in this will . . . ." Reaffirmation of the testator's intent to disinherit Gustav is contained in Item VI, § 1, par. (f), in which the testator stressed that "[t]he word 'descendant' as used in this Paragraph, and in any part of this Will, shall not include GUSTAV BISCHOFF, for the reasons I have heretofore stated." The testator disinherited the descendants of Gustav, including Quentin Gustav Just, from the Quentin A. Just trust, by providing a share of said trust, "for the descendants then living, per stirpes, (except GUSTAV BISCHOFF) of any deceased child of [Quentin A. Just]." [Item VI, § 1, par. (e).]

██ We are bound to give effect to the palpable testamentary evidence of the testator's intent to disinherit appellants. And it matters not that portions of this evidence are found in inoperative provisions of the will. Construing the clause "one ... such share for the descendants then living, per stirpes (except GUSTAV BISCHOFF) of any deceased child of my said son" as disinheriting Quentin Gustav does require some word rearrangement with insertion of the parenthetical phrase after "deceased child." But terms of a will may be transposed where necessary to effectuate the testator's obvious intent. *Mercantile Trust Co. v. Sowell*, 359 S.W.2d 719, 725–26 (Mo. banc 1962); *Mercantile-Commerce Bank & Trust Co. v. Binowitz*, 238 S.W.2d 893, 899 (Mo. App.1951). The presumption against disinheritance stressed by appellants applies only where the testator's expressions are ambiguous or doubtful, which is not the situation here. *See In re Garrison's Estate*, 374 S.W.2d 92, 94 (Mo.1964); *Adams v. Simpson*, 358 Mo. 168, 176, 213 S.W.2d 908, 913 (1948).

Having determined that the testator explicitly intended to disinherit Gustav Bischoff Just *and* his descendants, including appellant Quentin Gustav, we need not consider the issue of whether or not disinheritance of an heir automatically extends to that heir's descendants.

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.