# Madeira's Appeal.

The requisites to constitute a valid gift in view of death are: The intention of the donor to part with the ownership must be established by clear and precise evidence, and there must have been a delivery appropriate to the nature of the thing given.

Evidence to prove the gift of a policy of insurance, from a husband to his wife, examined, and held sufficient.

(Decided February 15, 1886.)

Appeal from a decree of the Orphans' Court of Philadelphia County. Affirmed.

These are appeals of Louis C. Madeira and Adaline L. Madeira, as next of kin, from a decree of the orphans' court dismissing exceptions filed by them to the adjudication of the account of Clara N. Madeira, widow and administratrix of Walter C. Madeira, deceased. Walter C. died June 26, 1882, leaving among other assets a policy of insurance upon his life, to the amount of $5,000. Upon the account, the administratrix claimed this sum as her property, upon the ground that decedent had made a gift to her of the policy. The court sustained her claim, and dismissed exceptions to the adjudication, delivering the following opinion:

ASHMAN, J.: "The tendency of modern cases to disregard form in reaching the intent is forcibly put by Judge SHARS-

Cited in Com. v. Crompton. 137 Pa. 138, 147, 20 Atl. 417; Hani v. Germania L. Ins. Co. 197 Pa. 276, 279, 80 Am. St. Rep. 819, 47 Atl. 200; O'Grady v. Prudential Ins. Co. 3 Pa. Super. Ct. 548, 552.

NOTE.—A transfer of a bond of the United States government, and of a certificate of shares of the stock of a railway, was held sufficient to change ownership without a written transfer. Com. v. Crompton, 137 Pa. 138, 20 Atl. 417.

As to gift *causa mortis* in general, see editorial note to Ridden v. Thrall, 11 L. R. A. 684: as to sufficiency of constructive delivery to sustain gift *causa mortis*, note to Page v. Lewis, 18 L. R. A. 170: as to undelivered written transfer or assignment of property as a gift, see editorial note to Wadd v. Hazelton, 21 L. R. A. 693: gift by check, see editorial note to *Re* Taylor, 18 L. R. A. 855: gift by promissory note, see editorial note to Richardson v. Richardson, 26 L. R. A. 305: as to delivery of bank book to sustain gift of money in bank, see editorial note to Jones v. Weakley, 19 L. R. A. 700: as to effect of subsequent lunacy of donor on the incomplete gift, see editorial note to Potter v. Berry, 34 L. R. A. 297.

WOOD: 'Wherever a party has the power to do a thing . . . and means to do it, the instrument he employs shall be so construed as to give effect to his intention.' Bond v. Bunting, 78 Pa. 210. Certainly the claim of a wife to a suitable provision at the hands of her husband, if it did not originally incite to this liberality of judicial construction, would be among the first to challenge its benefits. In her aid, a writing, void as a gift, has been upheld as a declaration of trust, and a parol assignment of a chose in action has been allowed to prevail even against creditors. So a will, annulled by a subsequent marriage, has taken effect as an ante-nuptial settlement. Lant's Appeal, 95 Pa. 279, 40 Am. Rep. 646; Grover v. Grover, 24 Pick. 265, 35 Am. Dec. 319; Ex parte Pye, 18 Ves. Jr. 140.

Malone's Estate, 8 W. N. C. 179, affirmed by the supreme court, applied this principle, after an exhaustive review of the decisions, to a stronger state of facts than exists in this case, because the contest there was instituted by creditors, and here it is by next of kin.

(The auditing judge has found that the policy of insurance was taken out by the decedent for the benefit of his intended wife and after marriage was delivered into her custody, and although he neglected formally to assign it, he repeatedly declared that she was entitled to its proceeds. Upon these facts, it was properly held that the insurance money was not an asset of the husband's estate.)

The questions presented by the remaining exceptions were of facts, upon which the conclusions of the auditing judge, like the verdict of a jury, can be disturbed only when error is distinctly shown. The sums paid to the father formed no small part, as the result has proved, of the decedent's estate; but the circumstances of the father and his right to call upon his son for aid forbid us to find in this fact that they could not have been intended as a gift."

*Hood Gilpin* and *John G. Johnson,* for appellants.—In support of the proposition that there was no evidence in this case to support a gift to the wife by decedent, counsel for appellants cited: *Re* Campbell, 7 Pa. 100, 47 Am. Dec. 503; McGuire v. Adams, 8 Pa. 286; Withers v. Weaver, 10 Pa. 391; Kidder v. Kidder, 33 Pa. 269; Linsenbigler v. Gourley, 56 Pa. 166, 94 Am. Dec. 51; Pringle v. Pringle, 59 Pa. 281; Trough's Estate,

75 Pa. 115; Zimmerman v. Streeper, 75 Pa. 147; Long's Appeal, 5 W. N. C. 309; Roberts's Appeal, 4 W. N. C. 355, Affirming 3 W. N. C. 453; Bowker's Estate, 5 W. N. C. 493; McGlade's Appeal, 11 W. N. C. 257; Bond v. Bunting, 78 Pa. 210; Kennedy v. Ware, 1 Pa. St. 445, 44 Am. Dec. 145; Williams's Appeal, 15 W. N. C. 89; Scott v. Lauman, 104 Pa. 593; Fross's Appeal, 41 Phila. Leg. Int. 358; McDermott's Appeal, 41 Phila. Leg. Int. 367.

*William S. Wallace* and *James W. M. Newlin*, for appellee. —The facts in this case show that the policy was taken out by decedent for his wife's exclusive use and benefit, and it amounts to a valid ante-nuptial settlement. Story, Eq. Jur. § 1370; Stilley v. Folger, 14 Ohio, 649; Barr v. Hill, Addison (Pa.) 276; Magniac v. Thompson, Baldw. 344, 359, Fed. Cas. No. 8,956; Gackenbach v. Brouse, 4 Watts & S. 546, 39 Am. Dec. 104; Earl v. Champion, 65 Pa. 196; Larkin v. McMullin, 49 Pa. 29; Lant's Appeal, 95 Pa. 279, 40 Am. Rep. 646; Hunt's Appeal, 100 Pa. 596.

Nor can the validity of the contract be affected by any informality there may be in its creation. Schouler, Dom. Rel. 265; Macqueen, Husb. & W. 248; Horry v. Horry, 2 Desauss. Eq. 126; Tunno v. Trezevant, 2 Desauss. Eq. 269; Riley v. Riley, 25 Conn. 154; Tyson v. Tyson, 9 N. C. (2 Hawks.) 472.

The following cases are instances where courts have construed agreements to be ante-nuptial settlements, in order to carry out the intention of the parties: Acton v. Peirce, 2 Vern. 480; Prebble v. Boghurst, 1 Swanst. 309; Cannel v. Buckle, 2 P. Wms. 243; Tisdale v. Jones, 38 Barb. 523; Gause v. Hale, 37 N. C. (2 Ired. Eq.) 241; Miller v. Goodwin, 8 Gray, 542; Skillman v. Skillman, 13 N. J. Eq. 403; Smith v. Chapell, 31 Conn. 589; Malone's Estate, 8 W. N. C. 181; Bliss, Ins. 520; Loos v. John Hancock Mut. L. Ins. Co. 41 Mo. 538; Scott v. Duncan, 16 N. C. (1 Dev. Eq.) 403, Bispham, Eq. 2d. ed. § 44; Reeves, Dom. Rel. 246.

The facts show that decedent's declarations were that the policy was for his wife's benefit after his death, and they amount to a valid declaration of trust. Milroy v. Lord, 4 De G. F. & J. 264, 274; *Ex parte* Pye, 18 Ves. Jr. 140; Richardson v. Richardson, L. R. 3 Eq. 686; Morgan v. Malleson, L. R. 10 Eq. 475; Heartley v. Nicholson, L. R. 19 Eq. 233; Richards

v. Delbridge, L. R. 18 Eq. 11–13; Baddeley v. Baddeley, L. R. 9 Ch. Div. 113; Bond v. Bunting, 78 Pa. 210; Helfenstein's Estate, 77 Pa. 328, 18 Am. Rep. 449; Malone's Estate, 8 W. N. C. 181.

The widow's property in the policy in question may be established as a post-nuptial gift. Schouler, Dom. Rel. 284; Gerlach v. Coates, 44 Pa. 43; Deming v. Williams, 26 Conn. 226, 68 Am. Dec. 386; Malone's Estate, 8 W. N. C. 182; Grover v. Grover, 24 Pick. 265, 35 Am. Dec. 319; Wing v. Merchant, 57 Me. 383; Hackney v. Vrooman, 62 Barb. 650; Camp's Appeal, 36 Conn. 88, 4 Am. Rep. 39; Bliss, Ins. 547; Crittenden v. Phœnix Mut. L. Ins. Co. 41 Mich. 442, 2 N. W. 657; Chapman v. McIlwrath, 77 Mo. 38, 46 Am. Rep. 1; Harding's Appeal, 15 W. N. C. 89.

OPINION BY MR. JUSTICE GORDON:

Had Walter C. Madeira executed an assignment of the policy in question to his wife, the appellee, there could have been little, if any, doubt as to her right to the proceeds, though the delivery of that assignment had been evidenced by nothing more than its deposit in a box or other receptacle common to the use of both husband and wife. But, says Mr. Justice SHARSWOOD in Bond v. Bunting, 78 Pa. 210: "Is not a gift an assignment, perfected by a delivery which debars the donor from revocation?" Undoubtedly it is, and this doctrine is recognized in Re Gray, 1 Pa. St. 327.

It is, however, hardly necessary to refer to authorities in support of a principle now so well established. The difference will be found solely in the method of proof; in all other particulars an assignment without valuable consideration and a gift are alike. The legal requisition is that the intention of the donor be established by clear and precise evidence, and that the delivery be *secundum subjectam materiam.* Now, that Walter C. Madeira, in taking the policy on his own life, intended it exclusively for the benefit and use of his wife, cannot, if we adhere to the evidence, be very well doubted. He desired in the first instance, and before their marriage, to have it drawn to her use, but she, from feelings of delicacy, requested him not to do so. Not the less, however, did he design a gift of this policy to her; his declarations to this effect are clear and positive, and made, not only at and about the time he insured, but they were repeated frequently up to within a day or two of his death.

Nor, we think, can there be any serious doubt concerning the validity of the delivery of this paper, especially as the matter does not affect creditors, but is merely a contest between the wife and volunteers. The policy was put into a tin box which contained, as she testifies, "the North American Insurance stock that was in my name and every thing that he and I had together; everything that I owned was in that box; I had no valuable papers anywhere except what were in that box." This box was delivered to her by her husband. She says: "The tin box, when we went out to Madeira's was taken out of my trunk, and Walter asked me if I would give it to mamma to keep for me. I gave it to her. Remember saying: 'I want you to keep this box, because it contains all our worldly goods.'" In the keeping of Mrs. Neidhard that box remained until after Madeira's death. We think as between husband and wife this was a sufficient delivery. It is true, she did not take the policy out of the box and put it beyond her husband's reach, as she might at any time have done. But why should she do so? She had no reason to doubt the intention of her husband or to suppose he would revoke his gift, and, moreover, it was never out of her possession from the time of its delivery till after the death of the donor, for it was expressly committed to Mrs. Neidhard's custody for her.

Certainly, this delivery was quite as complete as that in the case of Crawford's Appeal, 61 Pa. 52, 100 Am. Dec. 609, where a husband directed a clerk to enter on his books a credit to his wife in the sum of $3,000, and annually added the interest thereto until his death. There was in this case no delivery which was good for anything, either as against the husband or his creditors, yet, as against volunteers, it was held to raise a valid trust in favor of the wife. We would, indeed, regard it as a very ungracious task were we compelled to take the gift of a kind though perhaps careless husband to his confiding wife and transfer it to those for whom he never intended it. It is true, we would do so did the law and facts of the case so determine; and so, doubtless, would the court below have done under like circumstances; but as the matter now stands, as facts and law are with the appellee, we are rather pleased to affirm the decree of the orphans' court.

The appeal is dismissed and the decree affirmed, at the costs of the appellants.