(24 Misc. Rep. 581.)

BOGART v. THOMPSON.

(Supreme Court, Special Term, New York County. August, 1898.)

1. MUTUAL BENEFIT INSURANCE—DESIGNATION OF BENEFICIARY.

A husband abandoned his wife, and thereafter promised marriage to one whose Christian name was "Emma L." His fiancée did not know of his previous marriage. He thereafter informed her of his intention to join a beneficiary association for her benefit, and did so, designating her as his beneficiary, under the name of "Emma L. Thompson," his "wife," and delivered the certificate to her, explaining that he had so designated her to save the necessity of having the certificate thereafter changed. She subsequently returned it to him for safe-keeping, and it was in his possession at the time of his death, which occurred before a fulfillment of the marriage. His lawful wife's Christian name was "Eliza J." *Held*, that he intended to name his fiancée as beneficiary.

2. SAME—MISREPRESENTATIONS OF RELATIONSHIP.

Where neither the constitution and by-laws of a beneficiary association, nor the laws under which it was incorporated, restrict members to a designation of relatives as beneficiaries, a misrepresentation in a member's application and certificate that the beneficiary named was a relative did not constitute fraud.

3. SAME—INSURABLE INTEREST.

A woman engaged to be married to a man eligible to marriage has an insurable interest in his life.

Action by Emma L. Bogart against Christian C. E. Thompson, as administrator, etc., of Eliza Jane Thompson, deceased. Judgment in favor of plaintiff.

Clemens J. Kracht, for plaintiff.

Noble & Villard, for defendant.

LAUGHLIN, J. This action is brought to determine the right to a beneficiary fund of $1,000 in the Chapter General of America, Knights of St. John and Malta, payable on the death of John Cary Thompson, who was a member of said association. The beneficiary organization does not contest its liability, and has paid the money into court to await the determination of the conflicting claims of the plaintiff and defendant to said fund. The member, John Cary Thompson, died February 22, 1897. He legally married the defendant's intestate in Ireland, in 1879, and lived with her several years; and they had five children, the issue of said marriage, all of whom, together with his wife, survived him. Many years before his death, he abandoned his wife, and came to this country, she continuing to reside in Ireland, and they never thereafter met or lived together. After coming to America, Thompson courted and became engaged to the plaintiff; and although she learned of his having lived with the defendant's intestate, by whom he had children in Ireland, he assured her, and she believed, that he was never married. Thompson informed the plaintiff, after their engagement, of his intention to join said association, and to have a beneficiary certificate issued for her benefit; and he thereafter applied for membership in said association, and designated as his beneficiary "Emma L. Thompson," his "wife," meaning thereby the plaintiff. The beneficiary certificate issued by said association was payable

to "his wife, Mrs. Emma L. Thompson." Immediately after obtaining the certificate, he gave the same to the plaintiff, and explained to her that he designated her by his name and as his wife to save the trouble and expense of changing the certificate after their marriage. She retained the certificate about two weeks, and then returned it to him for safe-keeping, and it was in his possession at the time of his death. Shortly before the postponed date of their wedding, Thompson died; and, on the 27th day of April thereafter, his wife, Eliza Jane Thompson, died.

The defendant contends that the designation "wife" indicates Thompson's intention to designate his lawful wife, Eliza Jane Thompson. In view, however, of the difference in names, and of his engagement to marry the plaintiff, and of the delivery of the certificate to her, it is manifest that by such designation he intended to name the plaintiff, and not his lawful wife, Eliza Jane Thompson. The duty of the court is to ascertain the intention of the member of the beneficiary order, and to give that intention effect, provided it does not contravene public policy or any statute. If it were necessary that the plaintiff should have an insurable interest in the decedent, they having exchanged mutual promises to marry, if he had been competent to marry, as she then believed, she would have had an insurable interest in his life. Chisholm v. Insurance Co., 52 Mo. 213; Bac. Ben. Soc. § 250.

It was not necessary, however, that the plaintiff should have an insurable interest in Thompson's life. If he had first definitely designated his lawful wife, she would have obtained no vested interest in the certificate, for the constitution and by-laws of the association, which constituted his contract with it, permitted him to change such designation, and he could have thereafter lawfully designated a perfect stranger, who could have successfully maintained an action for the fund. Sabin v. Lodge (Sup.) 8 N. Y. Supp. 185; Same v. Phinney, 134 N. Y. 423, 31 N. E. 1087; Massey v. Society, 102 N. Y. 523, 7 N. E. 619. There being no provision of the constitution or by-laws or of the statutory law under which the association was incorporated restricting members to a designation of relatives as beneficiaries, the representation in his application and in the certificate that the plaintiff was his wife, not only did not constitute a fraud, but it was not material to the contract, either in fact or in contemplation of the beneficiary order; and the association could not, were it so disposed, avoid payment to the individual intended as his beneficiary by the designation made by him. Durian v. Central Verein of the Hermann's Soehnne, 7 Daly, 168; Vivar v. Knights of Pythias, 52 N. J. Law, 456, 20 Atl. 36; Story v. Ass'n, 95 N. Y. 474; Watson v. Ass'n, 21 Fed. 698; Weston v. Richardson, 47 Law T. (N. S.) 514.

It follows that the plaintiff is entitled to the beneficiary fund, and judgment is ordered accordingly.