## Myers *v.* Eckerson et al., Appellants.

*Insurance—Life insurance—Endowment policy—Beneficiaries—
Assignment—Gift—Delivery.*

1. Where an endowment policy of life insurance, payable to the
estate of the insured, contains a provision for assignment with
consent of the insurer, and the insurer, at the request of the in-
sured, marks the policy as payable to the insured's sister, and this
is approved in writing by the company, the latter is entitled to the
proceeds of the policy after her brother's death, although the policy
had never been actually assigned or delivered to her, and no con-
sideration had passed from the beneficiary to the insured.

2. In such case, there was no attempted assignment of the poli-
cies as a gift, requiring an actual delivery to be effective, but a
change in beneficiary which became binding on both parties to the
contract when assented to by the insurance company.

Argued January 4, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 297, Jan. T., 1926, by defendants, from judgment of C. P. No. 5, Phila. Co., March T., 1926, No. 1179, for plaintiff, on case stated, in suit of Betty Eckerson Myers v. Jules W. Eckerson et al., Executors of Felix Eckerson, deceased.  Affirmed.

Case stated to determine ownership of two policies of life insurance.  Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff.  Defendants appealed.

*Error assigned* was judgment, quoting record.

*P. F. Rothermel, Jr.,* for appellants.—The transactions were assignments without consideration, or gifts and void because of nondelivery of the policies or the equivalents thereof: Trough's Est., 75 Pa. 115; Scott v. Dickson, 108 Pa. 6.

*Thomas F. Mount,* with him *Joseph W. Henderson* and *Francis Rawle,* for appellee.—The written requests of the insured to the company were not assignments of the policies.

OPINION BY MR. JUSTICE SADLER, March 14, 1927:

Felix Eckerson took out two policies of endowment insurance in 1886 and 1888, payable to him on dates designated, should he live so long, or to his estate, upon his death.  Each contained a provision for assignment with consent of the insurer.  In 1899 he made formal written request to the company that the proceeds be turned over, in case of his decease, "to my sister Betty Eckerson if she survive me," and it gave assent to the alterations proposed in the following form: "It is hereby agreed that the amount insured in this policy shall be

payable to Betty Eckerson, sister of Felix Eckerson, the insured, if she shall survive him, in case of his decease during the endowment period, otherwise payable to the said Felix Eckerson, at the end of the endowment term." No consideration passed from her to the insured, and the policies themselves were never actually transferred, nor were copies of the notices of the change in payee, which had been sent to the insurance company, handed over. The brother died on October 31, 1925, leaving a will, and letters testamentary were granted to appellants in the present proceeding. They brought suit against the insurer for the amount claimed to be due, and it paid the sum owing into court. Later, the sister, substituted as beneficiary, was made a party to the proceeding, and a case stated was agreed upon setting forth the facts as above narrated, in which she was made the plaintiff, and the representatives of the estate defendants.

The sole legal question raised was the right to the proceeds of the two policies, it being insisted on behalf of the executors that the change made by the decedent was in effect an assignment, void because of lack of consideration, and not followed by formal delivery to the one benefited. On the other hand, the sister claimed the right to the sum in question by reason of the formal change made by Eckerson, and assented to by the insurer. The learned court below sustained the contention of the plaintiff, holding that the intention to name her as the beneficiary was apparent, and decided that proof of the actual transfer of the contracts with their appended modifications was not essential to a recovery. Attention was called to the fact that decedent had not attempted to assign unconditionally as a gift his interest in the insurance, as evidenced by his failure to use words so indicating, and shown by the reservation of his rights, in case his sister predeceased him. From the judgment entered for the plaintiff, this appeal is taken.

The policies provided for consentable assignments, but made no special reference to changes of beneficiaries. Had the latter provision appeared, there would have been no doubt of the insured's right to proceed as he did: Lovinger v. Garvan, 270 Fed. 298. It is insisted by able counsel that the attempted transfer here must, under the circumstances, be considered as an abortive gift without consideration, ineffective since no delivery of the marks of ownership was made. Trough's Est., 75 Pa. 115, is cited as authority for this proposition, and it correctly expresses the rule ordinarily applicable where the rights of a donor and donee of a chose in action are involved, and there has been an attempt to assign it, not fully carried out. But we are now dealing with a policy of insurance taken out, by one solvent, for the benefit of his estate, which, with the consent of the company, has been marked for the use of another. It is not necessary to say that this in itself would constitute sufficient delivery, though such conclusion has been reached in some jurisdictions. The courts will, however, always endeavor in such cases to determine the real purpose of the parties in deciding who was the beneficiary intended (37 C. J. 410; Scott v. Dickson, Adm., 108 Pa. 6; Madeira's Appeal (Pa.), 4 Atl. 908), and in this instance there can be no doubt that plaintiff was the person in the mind of the decedent, as indicated by the written request to the company expressing his desire.

The language employed in Smith v. Metropolitan Ins. Co., 222 Pa. 226, 229, where the insurer was held estopped from complaining of the manner of alteration adopted, is applicable: "Where all the conditions of fact expressly provided for in any contract have failed and the contract is silent as to anything further, regard must be had to the fundamental intent and effect of the contract. The contract of life insurance contemplates a payment by the insurer upon the death of the insured. That is the certain primary intent, and does not admit

of doubt. The secondary question, to whom is the payment due, is contingent on the circumstances."

The learned court below properly held there was no attempted assignment of the policies as a gift, requiring an actual delivery to be effective, but a change in beneficiary which became binding on both parties to the contracts, when assented to by the company. This approval was given, and it cannot, and does not, object to payment to the one designated. Nor, in our view, have the present defendants any higher standing.

The judgment is affirmed.