ANNIE SIMS, RESPONDENT, v. MISSOURI STATE LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.*—23 S. W. (2d) 1075.

St. Louis Court of Appeals. Opinion filed February 4, 1930.

*Corpus Juris-Cyc References: Evidence, 22CJ, section 1595, p. 1194, n. 17; section 1658, p. 1243, n. 5; Life Insurance, 37CJ, section 89, p. 410, n. 86, 93; section 326, p. 567, n. 17, 18, 20; Names, 45CJ, section 12, p. 376, n. 4.

*Jourdan & English, Allen May* and *Harold Knight* for appellant.

*Bass & Bass* and *John Grossman* for respondent.

BENNICK, C.—This is an action upon a contract of life insurance, the policy being one of group insurance taken out by the Laclede Gas Light Company with defendant, by the terms of which defendant agreed to insure the lives of all the employees of such company in amounts as set forth in the main group policy. Plaintiff is the widow of Will Sims, who was one of such employees, and she has sued for the full amount of insurance due at his death, which was $500. The case was tried to the court alone without the aid of a jury, and the judgment was for plaintiff for the sum of $923.33, made up of items of $500 as the face value of the policy, $123.33 as interest, $50 as the penalty for vexatious refusal to pay, and $250 as reasonable attorney's fees. A timely motion for a new trial was filed by defendant, and upon its refusal, an appeal was duly perfected to this court.

Inasmuch as no point is made concerning the sufficiency of the pleadings filed in the case, they may be put aside without further mention.

The amount of insurance to which each employee was entitled was made to depend upon the length of his continuous service with his employer, and the policy provided, among other matters, that the employer should furnish defendant with the names of all employees eligible for insurance, giving the names of the beneficiaries of such employees; that defendant should issue to the employer for delivery to each employee whose life was insured under such group policy, an individual certificate, setting forth a statement as to the insurance protection to which he was entitled, and to whom payable; that the right to change the beneficiary should be reserved to the employees; and that any sum payable by defendant as a death claim should be paid to the beneficiary designated by the employee, in accordance with the terms of the policy.

On October 25, 1923, as provided by the terms of the policy, defendant issued for delivery to Will Sims its certificate No. 1937, which recited that Sims was initially insured for the sum of $500, "payable to his wife, Annie Sims, as beneficiary."

Sims died on July 19, 1924, and some four days later the employer made up a notice of death from the records in its possession, and transmitted the same to defendant, such notice showing that "the beneficiary is Annie Sims, wife, and resides at 2124 Gratiot avenue."

Thereafter the original certificate was produced by one Annie Bell Sims, and delivered to the undertaker who had charge of the funeral. The undertaker thereupon employed a lawyer, Frank S. Bledsoe, who in turn delivered the certificate to defendant, along with proof of loss, and an affidavit by Annie Bell Sims that she was one and the same person as the Annie Sims named as beneficiary in the certificate; and on July 25, 1924, defendant paid the proceeds of the policy by check, made payable to the joint order of Annie Sims, wife of Will Sims, deceased, and Frank S. Bledsoe, her attorney. Incidentally the record shows that Bledsoe retained half of the insurance money for his fee, and that Annie Bell Sims forthwith paid her half of the proceeds to the undertaker, leaving her still indebted, to him in the sum of $60.

Defendant was evidently of the opinion that its liability under the policy had been fully discharged by such payment, but on August 27, 1924, a second claim was made upon it by plaintiff herein, who also called herself Annie Sims, the widow of Will Sims, and gave her address as 2911 Bell avenue, in the city of St. Louis. An investigation followed, in the course of which it was found that some twenty years prior to the issuance of the policy and the designation of the beneficiary, Will Sims had been lawfully married in Fulton, Missouri, to plaintiff, whose maiden name was Annie Porter, and that he had lived with her in the city of St. Louis until 1917, when they had separated, although they concededly were never divorced. Shortly thereafter (though obviously without the benefit of clergy), he began living with the first claimant, whose real name was Annie Bell Charleston; and defendant offered to prove by a number of witnesses that Sims called her his wife, and that she was known in the neighborhood where they lived as Annie Sims. It is also of importance to note that Sims was living with such woman at the time of the making of the main group contract, as well as at the time of the issuance of the individual certificate and the designation by him of the beneficiary thereunder.

Plaintiff testified in her own behalf that after the separation her husband visited her at her home on the average of once a week; that he slept there on occasions, although he did not keep his clothing at her home; and that she last saw him two weeks before his death. She

further testified that the other woman's name was merely Bell, and not Annie Bell, Annie not being her name, and that she herself had never known that Bell was reputed to be Will Sims' wife. She admitted, however, that she knew that Sims and this woman were living together at 2124 Gratiot street at and long before the time of his death, and that she herself had never had possession of the certificate issued for Sims by defendant.

In the course of defendant's case it was brought out on the cross-examination of the first claimant that Will Sims had called her Annie Bell Sims and that she was so known around Gratiot street, and that he had brought the insurance papers home from his work, and had handed them to her. Defendant offered to prove that he had said at the time: "Here's a paper that the Laclede Gas Light Company gave me, and it is yours." Save for the statement above which came in on cross-examination, there was nothing to show whom Will Sims intended to benefit by his insurance, for all of defendant's proffered testimony to the effect that Sims had introduced the woman as his wife, and that she was known in the neighborhood as Annie Bell Sims, was excluded on objections interposed by counsel for plaintiff, as was also the testimony of a witness who was prepared to state, so the offer of proof discloses, that he was present when Sims made the designation of his beneficiary, and that he named "Annie Sims, who resided at 2124 Gratiot street with him."

At the close of the whole case, and after its requested peremptory declaration of law had been refused, defendant asked a further declaration of law, which the court also refused, the substance of which was that if Annie Bell Sims produced and surrendered to defendant the certificate of insurance issued by it on the life of Will Sims, and if she was the person intended by Will Sims to have the benefit and proceeds of such certificate, then the finding and judgment of the court should be in favor of defendant, even though Annie Bell Sims was not the lawful wife of Will Sims. Among its several assignments of error, defendant counts upon the refusal of such requested declaration of law, as well as upon the court's exclusion of its proffered evidence as to the repute in which Annie Bell Sims was held by Will Sims and by her associates; and we have concluded that this appeal may be satisfactorily disposed of, if we limit ourselves to such two decisive points in the case.

The rule is that in determining who is the beneficiary under the terms of a policy of life insurance, the court will be governed by the intention of the parties, and especially by the intention of the insured, as the same is indicated by the surrounding circumstances and conditions existing at the time the contract was made, as applied to the language of the policy. [Pace v. Pace, 19 Fla. 438; Mutual Benefit Life Insurance Co. v. Cummings, 66 Ore. 272, 133 Pac. 1169; Mutual Life Insurance Co. v. Devine, 180 Ill. App. 422; Myers v. Eckerson,

288 Pa. 468, 136 Atl. 785; Bogart v. Thompson, 24 Misc. 581, 53 N. Y. S. 622.]

In fact the cases go so far as to hold that the language of the policy designating the beneficiary is to be treated as though it were of testamentary character, and that it is to receive, as nearly as possible, the same construction as if it were used in a will, especially where the person claiming to be the beneficiary is the natural object of the bounty and affection of the insured. [National American Ass'n v. Kirgin, 28 Mo. App. 80, 83; Mutual Benefit Life Insurance Company v. Cummings, supra; Dunn v. New Amsterdam Casualty Co., 141 App. Div. 478, 126 N. Y. S. 229; Mutual Life Insurance Company v. Devine, supra; Lehman v. Lehman, 215 Pa. 344, 64 Atl. 598; Landrum v. Landrum's Admx., 186 Ky. 775, 218 S. W. 274; Gault v. Gault, 25 Ky. L. 2308, 80 S. W. 493; 37 C. J. 410.]

While there strangely seems to be a scarcity of authority from our own State as to the construction to be put upon that portion of the language of an insurance policy which goes to the designation of the beneficiary, yet if it is to receive substantially the same construction as though it were used in a will, we have an abundance of authority for our guidance from our own jurisdiction.

The cases hold that in the construction of a will, where the purpose is to determine a beneficiary thereunder, it is the primary duty of the court to give effect to the intention of the testator as expressed in his will, if the same is not contrary to law or against public policy, and not to put such a construction thereon as will tend to substitute the court's own ideas or notions for those of the testator; and that where any doubt or uncertainty arises as to the testator's intention, extraneous facts will be admissible to explain the language used, regardless of whether the ambiguity be a patent or a latent one, since the court is entitled to be placed in possession of all available information of the circumstances surrounding the testator when he made the will, to the end that it may be put in the testator's own position as nearly as possible, and may be afforded the opportunity to interpret and understand the will as the testator himself would if he were living. [McCoy v. Bradbury, 290 Mo. 650, 235 S. W. 1047; Bond v. Riley, 317 Mo. 594, 296 S. W. 401; Kerens v. St. Louis Union Trust Co., 283 Mo. 601, 223 S. W. 645; Mockbee v. Grooms, 300 Mo. 446, 254 S. W. 170; Plummer v. Roberts, 315 Mo. 627, 287 S. W. 316; In re Aiken's Estate (Mo. App.), 5 S. W. (2d) 662.]

Of course it must be understood that such extrinsic evidence is admissible, not for the purpose of contradicting or varying the terms of the will, but solely for the purpose of ascertaining the testator's true intention from the language used; and that it cannot be made to show that he really intended one thing when he said another, or to disclose an intention not expressed in the will itself, or to aid in mak-

ing such a will as he evidently must have intended but actually did not make.

As a matter of fact, counsel for neither party attempt to question the correctness of the several canons of construction as we have here-tofore stated them, but the controversy on this appeal, as it was in the trial court, is whether there was an ambiguity in the designation of the beneficiary which could become the lawful subject of extraneous explanation. Plaintiff's counsel argue, and the learned trial judge evidently accepted their position, that the designation, "his wife, Annie Sims," as beneficiary was clear, definite, and unambiguous, and that consequently parol evidence was inadmissible, since it could only have served to show an intention contrary to that expressed in the policy. They insist that the first claimant was neither Will Sims' wife, nor was her name Annie Sims, and that by reason of these facts the definite reference by the insured to "his wife, Annie Sims" must have been to the only person who was his wife, and who was Annie Sims.

The fault to be found with counsel's argument is that they regard the term "wife" and the name "Sims" as conclusive upon the question of the insured's intention, when the decisions based on kindred facts would seem to indicate that such is not the case.

We understand that if provision is made for the insurance to be paid to the wife of the insured under that general designation, and with nothing more appearing, it will not be held payable to one with whom the insured may have cohabited as his wife, when another woman was his lawful wife. [Clements v. Terrell, 167 Ga. 237, 145 S. E. 78.] However, if the designation of the beneficiary as the wife of the insured is descriptive only, she being named, it is immaterial whether or not she is his lawful wife, or even that another person is his lawful wife. [Mutual Benefit Life Insurance Co. v. Cummings, supra; Doney v. Equitable Life Assurance Society, 97 N. J. L. 393, 117 Atl. 618; Clements v. Terrell, supra; Prudential Insurance Co. v. Morris (N. J.), 70 Atl. 924; Lampkin v. Travelers' Insurance Co., 11 Colo. App. 249, 52 Pac. 1040; James v. Supreme Council of the Royal Arcanum (C. C.), 130 Fed. 1014; 37 C. J. 567.]

In this instance it is true that the beneficiary was referred to as the wife of the insured, but she was also pointedly designated by name. Consequently it is the latter designation which is of prime importance; and while the use of the term "wife" might indeed be highly significant in the determination of who Will Sims intended his beneficiary to be, the fact yet remains that it was the person Annie Sims for whose benefit the insurance was held, in view of which the designation of "wife" must be regarded as having been descriptive of Annie Sims, and though material, yet not conclusive, upon the question of the insured's intent.

Likewise, the fact that plaintiff alone might be said to have been the only actual Annie Sims (since the first claimant's real name was Annie Charleston), is not in all events indicative of the person whom it was Will Sims' intention to name as his beneficiary, provided the latter went by the name of Annie Sims, and was so called by the insured, and so known to her associates. We say this for the reason that a person may adopt or assume a different name from his true one, and may even carry on business and make contracts under his fictitious name (Kansas City Fuel Oil Co. v. Shoecraft, 219 Mo. App. 436, 274 S. W. 880); and it has been expressly held by the Supreme Court of Oregon in Mutual Benefit Life Insurance Co. v. Cummings, supra, that the fact that the beneficiary, who was named as the insured's wife, had merely adopted his surname, did not affect her right to recover on the policy, if she was otherwise the person whom the insured intended to have the benefit of his insurance.

To the casual reader of the certificate who knew nothing of the circumstances of the case, there would likely appear to have been no uncertainty or doubt about the designation by the insured of "his wife, Annie Sims" as his beneficiary. He would at once conclude that if Will Sims had a wife, and if her name was Annie, she was the person for whose benefit the certificate was held. Hence we concede that there was no patent ambiguity about the designation of the beneficiary; but this conclusion does not settle the matter, although the lower court seems so to have held. To justify the exclusion of all of defendant's proffered parol evidence explanatory of the designation of the beneficiary, we must find, not only that there was no patent ambiguity, but also that there was no latent ambiguity as well, for the cases hold upon the point that whether the ambiguity is patent or latent in its nature is immaterial upon the question of the admissibility of oral testimony. Now to determine whether there was a latent ambiguity about the designation of the beneficiary, we must put ourselves in the position of Will Sims when he gave his employer the name of the person to whom he wished the proceeds of his insurance to go. The certificate on its face shows only that he designated "his wife, Annie Sims," though there was an offer of proof that he named "Annie Sims, who resided at 2124 Gratiot street with him."

Looking at the matter solely from Will Sims' standpoint, therefore, we grant that he may have meant his lawful wife, Annie Sims, who resided at 2911 Bell avenue. While it is true that they were separated, and had been for many years, yet there had not been a complete parting of the ways, and relations of some sort were yet maintained between the two. Clearly there was a sufficient showing on plaintiff's part to have raised an issue for the trier of the facts to have passed upon, and counsel for defendant do not contend to the contrary.

But that is only half the story. Sims had been separated from plaintiff for six years when he was called upon to designate his beneficiary, and he had been living with the first claimant for the greater part, if not for the whole, of that time. Accepting defendant's proffered evidence at its face value, and indeed there is some positive evidence in the record of like effect, he called the claimant "Annie Sims," and "wife," and she was so known among her associates in the neighborhood where she lived; he specifically designated her as his beneficiary by giving his employer her street address; and upon receipt of the certificate, he handed it to her with the statement that it was hers. Hence, in view of what we have said heretofore about the right of the claimant to have adopted a different name from her true one, as well as about the descriptive character of the term "wife" in connection with the designation of a beneficiary, we must hold that there was a latent ambiguity about the policy, when we consider it from Will Sims' viewpoint, which was the proper subject for explanation by parol testimony of the facts and circumstances surrounding him at the time he made the designation.

Incidentally this conclusion is strictly in keeping with the holdings of other jurisdictions, where the rule is that if the description of the beneficiary in a contract of life insurance is ambiguous, or if the terms are applicable to several persons, or if the description is imperfect, extrinsic evidence may be resorted to for the purpose of ascertaining the meaning of the contract. [Pace v. Pace, supra; Clinton v. Hope Insurance Co., 45 N. Y. 454.] Even more directly in point is the holding of the New Jersey court in Prudential Insurance Co. v. Morris, supra, that where a lawful wife, and a woman who had cohabited with the insured, both claimed the proceeds of a policy of insurance which designated the woman as beneficiary, and which described her as "wife," parol evidence of the circumstances in which the parties lived and surrounding them when the policy was issued was admissible to explain the instrument, and to show the circumstances under which it was executed.

It is not suggested that Annie Bell Sims was not entitled to payment of the proceeds if she was the person whom Will Sims intended to designate as his beneficiary. Assuming that the contract was made wholly for her benefit, it was not a wagering contract, and though she had no insurable interest in Will Sims' life, she is not the one who took out the contract so as to have rendered it void and unenforceable. Moreover, the situation is to be distinguished in a further respect from such cases as Keener v. Grand Lodge, 38 Mo. App. 543; Grand Lodge v. Riebling, 81 Mo. App. 545; and Van Cleve v. Union Casualty & Surety Co., 82 Mo. App. 668, where the incapacity of the claimant to recover as opposed to the lawful wife was held to be due to particular laws or regulations of the insuring society, or to the

provisions of what is now Section 6403, Revised Statutes 1919, designating who may be named as beneficiaries in a certificate issued by a fraternal beneficial association.

Our conclusion is, therefore, that defendant's proffered evidence was improperly excluded, and that its requested declaration of law was improperly rejected; and further, that the prejudicial effect of such rulings which foreclosed to defendant the right and opportunit; to offer its lawful defense, and which precluded the court as the trier of the facts from passing on the same, requires that the judgment rendered be reversed. If there are other errors among the several matters pointed out by appellant, and not discussed herein, they may not appear upon a retrial of the case.

Accordingly, the commissioner recommends that the judgment of the circuit court be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed, and the cause remanded. *Becker* and *Nipper*, *JJ.*, concur; *Haid, P. J.*, absent.