PATRICK MADIGAN, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

City Court of New York, New York County, November 24, 1934.

*Walter B. Morris,* for the plaintiff.

*Tanner, Sillcocks & Friend* [*Leonard M. Gardner* of counsel], for the defendant.

KELLER, J. The plaintiff sues as beneficiary under a group insurance policy taken out by James Madigan, a night watchman who worked for the Southern Pacific Company on its docks in New York city. The policy was issued to James Madigan on June 2, 1925. The application for insurance is likewise dated June 2, 1925, and his brother, Patrick Madigan, is named as beneficiary both in the policy and in the application. James Madigan could not write his name and the application for insurance was made out by Louis Barringer, who was timekeeper for the Southern Pacific Company and who had James Madigan put his cross-mark on the application. To the right of the cross, over which are the words " his mark," Barringer wrote James Madigan's name.

The credible testimony establishes that James Madigan came to Barringer on or about July 8, 1925, and asked him to make out an application for a change of the beneficiary from Patrick Madigan

to his nephew, John McMahon, Jr. Barringer made out this application, but in writing James Madigan's name, which he testified was done at James Madigan's request, he did not request Madigan to make his mark, or if he did Madigan did not put his mark on the application for change of beneficiary as he did on the application for insurance in the first instance.

Barringer also signed the application for change of beneficiary as a witness. His testimony, which is uncontradicted, is that this application was made out and signed with James Madigan's name and witnessed while James Madigan stood beside him and saw him do it. The application as signed was sent to the Metropolitan Life Insurance Company, which struck out the name of Patrick Madigan as beneficiary and inserted the name of John McMahon, Jr. James Madigan died on January 7, 1929, and on February 9, 1929, the Metropolitan Life Insurance Company paid John McMahon, Jr., $1,500 as the beneficiary under the policy.

This suit is brought by Patrick Madigan, who claims there was no valid legal change of beneficiary. Under the provisions of the group policy any employee may change his beneficiary by filing written notice thereof accompanied by the certificate. It further provided that the change took effect by indorsement covering the change made by the company on the certificate.

Though no decisions in this State have been brought to my attention I am satisfied that James Madigan in requesting Barringer to write his (Madigan's) name on the application did all that was required under the policy to effect a change of beneficiary. Couch on Insurance (§ 315-E, pp. 875, 876) says: " But a requirement that request blanks be signed does not mean that they must be signed with the member's own hand, and he may adopt any form of signature he chooses, the question being one of intent, and a printed or stamped signature, or his signature written by another, is sufficient, if he directed such signature or accepts it as his own." The same conclusion was reached in *Buckner* v. *Ridgely Protective Assn.* (131 Wash. 174; 229 P. 313, at pp. 315, 316). In that case the court said the argument that such methods make it possible to perpetrate frauds on illiterate persons should not outweigh other circumstances disclosed. The circumstances disclosed in the case at bar are that Barringer's testimony impressed the court that Madigan wanted to change his beneficiary, and being unable to write he requested Barringer to write his name. This, under all the circumstances disclosed by the evidence, amounted to an adoption of the signature made for him by Barringer.

Judgment for defendant dismissing the complaint on the merits. Ten days' stay and thirty days to make a case.