Amos E. Bowman, J.
Plaintiff and the interpleaded defendant move for summary judgment pursuant to rule 113 of the Buies of Civil Practice.
Plaintiff, as administratrix of the estate of Milton Nicholson, sued for the sum of $4,000 due under group insurance policies issued by the defendants upon the life of said Milton Nicholson. Defendants interpleaded Dorothy Nicholson who had also made a claim to such sum.
It appears that the designated beneficiary in the certificate is “ Dorothy Nicholson (Wife) that she and the insured lived together for 14 years immediately preceding his death on January 18, 1962, and that about 15 years before his death, and at his specific request, she had commenced to use the name Dorothy Nicholson; that a child was born to them in 1954 and, until the insured’s death, the three of them had resided in this city and had filed joint income tax returns; and that throughout their entire relationship the insured held her out to be his wife.
It also appears that the plaintiff is the widow of the insured, having been married to him on January 27, 1944.
On the papers before me there is no question but that the interpleaded defendant, Dorothy Nicholson, was the person intended to be designated in the policy as the beneficiary. The plaintiff had never been designatd the beneficiary, the only *450 other designation prior to this one having apparently been the insured’s estate. It does not appear that the policy contained any resolution or limitation upon the right of the insured to designate any person he wished as beneficiary; and the representation in the certificate that Dorothy Nicholson was his wife was not material to the contract. Neither statute nor public policy prohibited the insured from designating as his beneficiary one to whom he was not legally married (Insurance Law, §§ 146, 161, subd. 1, par. [d]; Story v. Williamsburg Masonic Mut. Benefit Assn., 95 N. Y. 474; Northeastern Life Ins. Co. of N. Y. v. Leach, 213 N. Y. S. 2d 357; Tepper v. New York Life Ins. Co., 89 Misc. 224; Bogart v. Thompson, 24 Misc. 581; cf Hunt v. Unity Life & Acc. Ins. Assn., 7 Misc 2d 830).
The plaintiff’s vague statement that the insured from “ time to time ” had u informed ” her that he would “ take care ” of her and leave her with his insurance raises no issue, particularly in view of subdivision 9 of section 31 of the Personal Property Law.
The plaintiff contends that the designation of Dorothy Nicholson as beneficiary was not effective in that the place for the witnesses’ signature is occupied by the rubber-stamped name of a union official. However, there is nothing before me to indicate that, either under the policy or by statute, a witnessing was necessary at all; and assuming that the designation was required to be witnessed, no showing has been made that it was necessary that the witness write in rather than stamp in his signature. Under the line on which the insured’s signature appears are the words ‘ ‘ Signature of Insured ’ ’. However, under the line on which the rubber-stamped name appears is only the one word “ Witness If any signature was required it appears to be that of the insured rather than of the witness. Even a requirement that the designation be signed does not mean that it must be signed with the witness’ own hand. He may adopt any form of signature he chooses, the question being one of intent, and a stamped signature is sufficient if he accepts it as his own (see Madigan v. Metropolitan Life Ins. Co., 153 Misc. 779).
However, an issue is raised with respect to the genuineness of the signature of the insured which cannot be disposed of by affidavits. There is no conclusive evidence one way or the other as to the insured’s signature.
Both motions are accordingly denied.