**Dorothy WALLACE, Appellant,**

v.

**LINCOLN NATIONAL INSURANCE CO.,**
a corporation, and Safeway Stores,
a corporation, Appellees.

**No. 3710.**

District of Columbia Court of Appeals.

Argued June 1, 1965.

Decided Aug. 25, 1965.

David E. Sloan, Washington, D. C., for appellant.

John A. Beck, Washington, D. C., for appellee Lincoln Nat. Ins. Co.

R. K. Kennon Jones, Washington, D. C., with whom W. Frank Stickle, Jr., Washington, D. C., was on the brief, for appellee Safeway Stores.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Arthur Wallace, now deceased, was an employee of Safeway Stores. As such he was a participant in Safeway's employee retirement plan and was insured under a group life insurance policy. He designated "Leddie Wallace, Wife," as the beneficiary under the retirement plan, and designated Beverly Wallace, his minor daughter, as beneficiary under the insurance policy. After Arthur Wallace's death, appellant brought this action, claiming to be entitled to the proceeds under both the retirement plan and the insurance policy. Her claim rested on the following facts.

Appellant had been married to Arthur Wallace, but he had separated from her and, without having been divorced, had lived for many years with Leddie Williams, by whom he had two children, including Beverly Wallace, the beneficiary of the insurance policy. During this period Leddie Williams was known as Leddie Wallace. Some time before his death Arthur left Leddie but he never returned to appellant.

Appellant apparently contends that public policy should nullify the deceased's specific designation of Leddie Wallace as beneficiary under the retirement plan because of the illegal relationship between Leddie and the deceased. There is no overwhelming public policy in this jurisdiction which would force the conclusion sought by appellant. Under the retirement plan the deceased had an unrestricted right to designate any beneficiary he chose. The fact that he chose a woman who was not his wife but with whom he had lived is of no legal consequence.[1] And since she was specifically designated by name, the addition of the word "Wife" may be disregarded.[2]

Little need be said about appellant's claim to the proceeds of the life insurance policy. The policy was an ordinary group life insurance policy, and was not, as appellant contends, similar to a mutual benefit society contract. The deceased had the unrestricted right to designate the beneficiary of the policy. He designated his acknowledged illegitimate minor daughter, to whom he owed a legal and moral duty. Appellant has no standing to challenge that designation.

Affirmed.

1. See Annotation, 173 A.L.R. 716.

2. Northeastern Life Ins. Co. of N. Y. v. Leach, Sup., 213 N.Y.S.2d 357 (1961); Nicholson v. Hartford Life Ins. Co., 36 Misc.2d 449, 233 N.Y.S.2d 64 (1962). The retirement plan provided that it be construed, administered and enforced according to the laws of the State of New York.