**MO–KAN TEAMSTERS HEALTH AND WELFARE FUND, a Trust Fund, et al., Plaintiff,**

v.

**Roger L. CLARK, Appellant,**

**Mary L. Clark, Respondent.**

**No. WD 42653.**

Missouri Court of Appeals,
Western District.

Dec. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Application to Transfer Denied
March 5, 1991.

Jack A. Lewis, North Kansas City, and Bruce B. Brown, Kearney, for appellant.

Betsy Ann T. Stewart and W. Stephen Nixon, Independence, for respondent.

Mo–Kan Teamsters Health and Welfare Fund, A Trust Fund, et al., pro se.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

SHANGLER, Judge.

The plaintiffs Mo–Kan Teamsters Health & Welfare Fund, a Trust Fund, and the individual Trustees, brought this action for interpleader to determine the rightful beneficiary of a death benefit. The Trust Fund provides a death benefit of $15,000, with an additional benefit of $7500 for death by accident, to an eligible participant and employee of the plan. James Dean Clark, an employee and eligible participant of the plan, died in an automobile accident on May 25, 1985. The death benefit due was $22,-

500. The plan provides that an employee may designate a beneficiary for the death benefit. The plan provides also that if no beneficiary is designated, then the benefit shall be made to the widow or widower of the employee, if surviving.

Mary Clark was the legal spouse of James Dean Clark at the time of his death, and Roger Lowell Clark was his brother. Mary Clark claimed the death benefit as the surviving widow, and Roger Lowell Clark claimed as the designated beneficiary. The plaintiff Fund was unable to determine which of them was entitled to the benefit, and to avoid double liability, brought this petition against the widow and brother as defendants to require them to interplead their claims. Rule 52.07. The plaintiff Fund paid the $22,500 death benefit into the registry of the court and was discharged of any liability to the defendants.

An employee establishes eligibility for benefits under the Fund plan by the completion of two hundred and fifty hours of employment during the last three consecutive months for which contributions are paid. A member who becomes ineligible because this requirement is not met may become eligible again by the completion of those hours and contributions. The hours worked by the participants of the Fund plan are reported by social security number, as are the employer contributions. Accordingly, the eligibility of an employee to the death benefit is determined by the name and social security number of the employee.

A death certificate was filed with the administrator of the Fund plan that described the decedent as James Dean Clark, social security number 500–38–2068, date of birth March 6, 1937, and married. The plan records confirmed that James D. Clark by that social security number was a member of Teamsters Local 541 eligible for the benefit. That union local, however, maintained records for two different memberships under the name *JAMES D. CLARK*. JAMES D. CLARK under social security number *500–38–2068* joined the local on October 22, 1958, paid the initiation fee for a new member, then withdrew from active status and then last resumed active status on March 1, 1984, paid dues regularly and was credited with employer contributions up to the date of the death, and was a participant in the Fund plan on May 25, 1985. JAMES D. CLARK under social security number 491–32–3495 joined the local on June 29, 1982, paid the initiation fee for a new member on that date, withdrew from active status five months later and never resumed active status. He was not a member of the union local on May 25, 1985, nor a participant in the Fund plan on that date.

The administrators of the Fund plan determined from the records that eligibility for the death benefit accrued to employee James D. Clark, social security number 500–38–2068. There was no beneficiary designation in the records for James D. Clark, born March 6, 1937, social security number 500–36–2068, however, so that the benefit was payable under the rules of the Fund plan to the surviving widow—Mary Clark. There was a beneficiary designation in the records for James D. Clark, born October 10, 1935, social security number 491–32–3495, but no eligibility for death benefits. The death benefit beneficiary designated in those records, nevertheless, was *Roger Lowell Clark* with the given relationship, *brother*. The death of James D. Clark, born October 10, 1935, social security number 491–32–3495, has not been reported to the Fund plan office.

Mary Clark claims the right to the interpleaded benefit fund as the surviving widow of the eligible employee, James Dean Clark, born March 6, 1937, social security number 500–38–2068. Her pleading admits that Roger L. Clark was the brother of her deceased husband, James D. Clark, but denies his claim to the benefit.

Roger Lowell Clark claims the right to the interpleaded fund as the beneficiary designated by James Dean Clark on July 5, 1982 on the enrollment card with the Fund. That claim rests on the premise that the James Dean Clark signatory, social security number 491–32–3495, and James Dean Clark, social security number 500–38–2068 and eligible employee, were the same per-

son. That claim rests also on the related premise that ineligibility for the death benefit of James Dean Clark, social security number 491–32–3495, notwithstanding, the designation by James Dean Clark of Roger Lowell Clark upon the enrollment card was a valid expression of intent by the employee to make the brother the beneficiary of the death benefit rather than the wife, never named.

Indeed, there was evidence from which the finder of fact could infer that James Dean Clark, social security number 500–38–2068 and James Dean Clark, social security number 491–32–3495, were the same person. The pleadings of the claimant widow admit that the claimant Roger Lowell Clark was the brother of her deceased husband, James Dean Clark. There was also expert opinion that the person who signed the enrollment card for the Fund with designated social security number 491–32–3495 and the person who signed the Fund and Teamster documents with designated social security number 500–38–2068 were the same. The disparity in the social security numbers was explained by Lottie Jean Clark, then sister-in-law of the deceased James Dean Clark. Social security number 491–32–3495 is her own and was appropriated by the deceased without her consent. He was wanted by the FBI and the Army, and the bogus number was the means to continue to work but avoid discovery.

The case was presented to an empanelled jury. At the conclusion of all the evidence, the court sustained the motion of Mary Clark for "directed verdict" and entered judgment for Mary Clark as to the sum interpleaded.

On appeal, Roger Clark argues first that, the inferences from the evidence considered most favorably to his claim, a prima facie case was proven for submission to the jury, and hence the direction of verdict was error. The standard this argument proposes governs the scope of appellate review of cases where the jury verdict is rendered into a judgment. *Mercer v. Thornton*, 646 S.W.2d 375, 376[1,2] (Mo. App.1983); Rule 78.04. In this case, however—as the brief of Roger Clark informs—the trial was to an advisory jury, so that the end of the litigation was a judgment rendered by the court. Rule 73.01(a) & (b). Appellate review of such a judgment is governed by Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).[1] Accordingly, we will not disturb the judgment entered unless it is against the weight of the evidence, or not supported by substantial evidence, or erroneously applies or declares the law. *Wojtkowski v. Shelter Ins. Cos.*, 702 S.W.2d 74, 76[1] (Mo. banc 1985). The judgment will be affirmed if properly supportable on any reasonable theory. *Worlledge v. City of Greenwood*, 627 S.W.2d 328, 331[5] (Mo. App.1982).

Roger Clark claims the interpleaded death benefit on the theory that employee James Dean Clark, social security number 491–32–3495, and employee James Dean Clark, social security number 500–38–

---

1. A claimant who seeks a money judgment on disputed issues of fact, of course, is entitled to a trial by jury and the entry of judgment on the jury verdict. *Jaycox v. Brune*, 434 S.W.2d 539, 542[3–6] (Mo.1968). The claimant may nevertheless waive a jury by entering into trial before the court without objection. Rule 69.01(b)(4). In such case, the court may enlist the aid of an advisory jury. Rule 73.01(a). The court, however, is not bound by the finding of the jury, but may accept or reject its verdict. If accepted, on review of the judgment we consider the issues as found by the court. *Edwards v. Maples*, 388 S.W.2d 850, 852[2–4] (Mo.1965); *Staab v. Thoreson*, 579 S.W.2d 414, 418[5–8] (Mo.App. banc 1979).

We review on the premise of a litigation tried to an advisory jury, and hence to the court.

That is the premise of the jurisdictional statement in appellant's brief, a premise not contested but tacitly accepted by the response of claimant Mary Clark. It is a premise confirmed, moreover, by the trial court's express finding on the disputed issue of the identity of James Dean Clark antecedent to the entry of judgment against the claim of Roger Clark. A case tried to a jury for entry of judgment upon its verdict is submissible where there is substantial evidence—even though disputed—to support every fact essential to the claim. *Houghton v. Atchison, T. & S.F.R.R.*, 446 S.W.2d 406, 408[1–5] (Mo. banc 1969). In that performance of function, the trial court does not find facts. *Waters v. Bankers' Life Ass'n of Des Moines, Iowa*, 226 Mo.App. 1188, 50 S.W.2d 183, 188[1] (1932).

2068, were the same person. That is to say, employee James Dean Clark who designated Roger Lowell Clark as beneficiary of the death benefit on the enrollment card under one social security number and employee James Dean Clark who became eligible for the death benefit under another social security number were the same person. It is the theory, also, that the designation by James Dean Clark of his brother, Roger, as beneficiary—considered within this full context of events—proves the intent to make Roger, and not the undesignated wife, Mary, the beneficiary of the benefit. His argument assumes these facts as proven and the right to recover as validated by principles of contract law.

The claimant Mary Clark responds that Roger Clark neither pleaded nor proved the common identity of the two employees James Dean Clark, or an intent by the eligible employee James Dean Clark to benefit Roger Clark and that, in any event, the use of a false social security number on the enrollment card nullified that transaction—including the designation of beneficiary.

We accept as fact [as found by the trial court before the discharge of the jury and entry of judgment] that the two employees were the same person. We accept as fact also the corollary implicit in that finding, that the deceased signed the enrollment card that designated Roger Lowell Clark as beneficiary of that death benefit. We deem also that the answer by Roger Clark to the interpleader, however imperfect as a statement of claim to the death benefit, was effectively amended by the evidence. Rule 55.33(b). Nor, contrary to the insistent argument of claimant Mary Clark, does our decision involve the effect of 42 U.S.C. § 408(g)(2) (1982) which renders it a crime for a person to falsely use a social security number not assigned to that person to obtain benefits under that chapter or anything of value from another person.

The judgment of the trial court may be sustained on the failure to prove the intent of James Dean Clark that Roger Clark take as beneficiary of the death benefit under the only eligible fund—that designated under social security number 500–38–2068.

The judgment of the trial court may be sustained by the disinclination of the trial court to give the beneficiary designation any effect as expression of intention beyond the terms of the enrollment card itself—that is, as to any fund other than that accumulated for eligibility under the designated social security number 491–32–3495. The court could readily have determined—quite apart from any consequence of violation of the federal statute—that the fraudulent purpose of the enrollment card was meant to be accomplished not only by a false social security identity and a mis-stated date of birth, but also by a brother-beneficiary to further mask the untrue declaration of marital status and, hence, personal identity. That is to say, the judgment readily rests on the determination that the enrollment card and the entries inscribed by James Dean Clark were meant not to reveal, but to conceal, his true intent of beneficiary. That the hours of work and contributions never sufficed for eligibility for a death benefit under the bogus social security number tends to confirm a determination that the enrollment card and the inscribed information were intended only to evade the authorities, and not to bestow a benefit upon the brother.

On this view, the designation of the brother-beneficiary by one without intent or work eligbility to confer the death benefit was a transaction separate and independent of the subsequent work history that accrued into eligibility for the benefit. The only ambiguity that besets the designation of beneficiary on the enrollment card is the ambiguity of fraud. It does not affect the work history and eligibility under the fund accrued to James Dean Clark under social security number 500–38–2068. There is no occasion for the rule of construction the claimant Roger Clark invokes, that to resolve an ambiguity in the designation of beneficiary to a life insurance policy, the extraneous facts and full circumstances of the undertaking may be shown to discern the intention of the decedent. *See, e.g. Sims v. Missouri State Life Ins. Co.*, 223 Mo.App. 1150, 23 S.W.2d 1075 (1930); W. Vance, Handbook on the Law of Insurance § 92 (3d ed. 1951). That rule has no appli-

cation to facts or circumstances that are without connection or relatedness. In every legal and practical sense the enrollment card beneficiary-designation transaction was separate from the rest of the work history for purposes of interpretation and adjudication of the intent of the James Dean Clark to confer the death benefit. *See* 4 S. Williston, A Treatise on the Law of Contracts § 628, at 915 (3d ed. 1961).

The judgment is affirmed.

All concur.